**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4430**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN WAYNE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:15-cr-00119-1)

Submitted: April 24, 2017                           Decided: May 3, 2017

Before TRAXLER, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Schles, Charleston, West Virginia, for Appellant. Lisa Grimes Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Wayne Davis appeals his 151-month sentence imposed by the district court after his guilty plea to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). Davis' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether Davis' sentence is reasonable. Although notified of his right to file a pro se brief, Davis has not done so. The Government has moved to dismiss the appeal as barred by the appeal waiver in Davis' plea agreement. We dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Davis knowingly and voluntarily waived his right to appeal and that the sentencing issues Davis seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights. Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none. *See Copeland*, 707 F.3d at 530. Accordingly, we grant the Government's motion to dismiss the appeal.

This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*